UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY RAY BERGQUIST,

    Petitioner,                                        Case No. 1:10-cv-638

v.                                                      HON. JANET T. NEFF

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 19) recommending this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States,* No. 12-3397, 2013 WL 4779112, at *2 (6th Cir. Sept. 9, 2013) (requiring a separate judgment in habeas proceedings).

**I. Objections**

Petitioner's objections primarily challenge the Magistrate Judge's conclusions regarding the voluntariness of Petitioner's plea and the effectiveness of Petitioner's trial counsel when failing to

object to particular sentencing guideline scores. With the exception of one challenged citation to the record, as discussed subsequently, the Court finds the objections without merit.

A. Request for Evidentiary Hearing

In his objections, Petitioner requests an evidentiary hearing. However, Petitioner subsequently filed a motion for an evidentiary hearing (Dkt 21) on the same grounds presented in his objections. The Magistrate Judge fully considered and properly denied the motion. Accordingly, Petitioner's request in his objections is denied as moot pursuant to the previously entered order denying the motion for evidentiary hearing (Dkt 22).

B. Objection Regarding the Voluntariness of Petitioner's Plea

Petitioner first objects to the Magistrate Judge's determination that Petitioner's plea was voluntary, knowing, and intelligent (Dkt 20 at 1). In particular, Petitioner argues, "the Magistrate missed the most important issue, that the plea was involuntary because it was caused by duress" (*id.*). Petitioner asserts in his objection that: "Petitioner was beat up by a co-defendant while in jail. Petitioner was threatened by the co-defendants. Cars were driving by his family's house. His wife was in hiding. Petitioner was forced to tell the co-defendants how to get into the victim's house with a gun to his head" (*id.* at 1-2).

As an initial matter, Petitioner provides no record citations for the above factual assertions, apparently because they were not part of the state court record and were "additional evidence" at issue in Petitioner's motion for an evidentiary hearing.[1] As the Magistrate Judge observed in denying

---

[1]Petitioner's motion for evidentiary hearing brief states: "Further threats were made to Petitioner when he locked [sic] with co-defendants in jail, including a beating and threats to his family. The guilty plea was the result of this duress from the co-defendants. … The facts as stated are supported by the affidavits filed herewith in Exhibit A. The plea was involuntary because it was caused by duress. … Petitioner was beat up by a co-defendant while in jail. Petitioner was threatened

2

Petitioner's motion to expand the record, "'review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits'" (Dkt 22 at 4, citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)). Because there is no basis for consideration of alleged facts that are not part of the record before the Court, Petitioner's assertion that the Magistrate Judge "missed" this issue is without merit.

The Magistrate Judge fully considered Petitioner's claim and associated arguments that his plea was not voluntary. Based on the record and applicable authority, the Magistrate Judge properly concluded that Petitioner's plea was entered voluntarily, i.e., without duress (R & R at 15). During Petitioner's plea hearing, the judge asked Petitioner if "anybody threatened you to get you to plead guilty?" (8/14/08 Plea Hrg. Tr. at 17). The judge further inquired whether it was Petitioner's "own free choice to resolve these matters by entering these pleas?" (*id.*). Petitioner responded that he was not threatened and the plea was his own free choice (*id.*). Petitioner has not shown any error in the Magistrate Judge's conclusion that Petitioner's plea was voluntary. This objection is denied.

Petitioner takes issue with the Magistrate Judge's characterization of the record with respect to the use of the term "robbery" (Dkt 20 at 2). The Magistrate Judge used the term "robbery" as a general contextual reference for Petitioner's plea testimony, with respect to the charged offenses (*see* R & R at 21, citing 8/14/08 Plea Hrg. Tr. at 19). The reference related to a separate sentencing issue (OV 14) and not to the "intent" issue raised by Petitioner, which was analyzed elsewhere in the Report and Recommendation. Petitioner's assertion that the Magistrate Judge purposefully

---

by the co-defendants. Cars were driving by his family's house. His wife was in hiding. … The state court refused to hold an evidentiary hearing that would have allowed Petitioner to establish the facts to support his claim that his guilty plea was not voluntary because of duress from the co-defendants … ." (Dkt 21 at 3-4).

misquoted the record on the issue of intent lacks merit. The record is replete with references to Petitioner's involvement in a "robbery." Any objection with respect to the Magistrate Judge misquoting the record on the issue of intent is denied.

### C. Objections Regarding the Effective Assistance of Counsel

#### 1. Predatory Conduct

Petitioner objects to the Magistrate Judge's conclusion that defense counsel was not ineffective for failing to object to an assessment of 15 points under offense variable 10 for predatory conduct. Petitioner argues that there was no "preoffense" conduct to warrant the scoring for predatory conduct pursuant to *People v. Cannon*, 749 N.W.2d 257, 260 (Mich. 2008), and that the Magistrate Judge relied on exaggerated and inaccurate facts to conclude this offense variable was correctly scored (Obj at 3-4). Petitioner states that it is improper for the Magistrate Judge to make her own assessment of what constitutes predatory conduct (*id.* at 4).

The Magistrate Judge considered the applicable authority and properly concluded that Petitioner's argument was without merit because there was evidence supporting the scoring decision; thus, Petitioner's counsel was not ineffective for failing to object to the scoring. The *Cannon* standard requires, in order to find predatory conduct, that Petitioner engaged in "preoffense conduct" that was directed at a vulnerable victim for the primary purpose of victimization. *Id.* at 260-62. As noted in the Report and Recommendation, Michigan courts have held that "sentencing guideline scoring decisions 'for which there is *any* evidence in support will be upheld'" (R & R at 20, quoting *People v. James*, 705 N.W.2d 724, 727 (Mich. Ct. App. 2005)). As the Magistrate Judge stated, a review of the Presentence Investigation Report showed that the assessment of 15 points was proper (R & R at 19; Dkt 2 at Page ID#107-27). Further, Petitioner, during the plea hearing, testified that

4

he made the call to the residence and determined that Robin Smith was in the home (8/14/08 Plea Hrg. Tr. at 20-21).

Petitioner objects to the Magistrate Judge's citation to the plea transcript and statement that: "At his plea hearing, Petitioner testified under oath that he placed the telephone call to lure Ed Higgins away from the residence (Plea Transcript, August 14, 2008, 20-21)" (R & R at 19). This Court agrees that the cited portion of the plea transcript does not reflect such specific testimony and therefore the quoted statement in the Report and Recommendation is rejected. However, this was only one of many citations to the record that supported the Magistrate Judge's conclusion that Petitioner engaged in predatory conduct. The trial court, during the sentencing hearing, took note that "this [armed robbery] was planned; schemed; you lured Mr. Higgins out of the house; the people that went there went with a gun . . . they placed [Robin Smith] in a position of greater danger" (9/15/08 Sent. Tr. at 11).

Because there is evidence to support the predatory conduct scoring, Petitioner's counsel was not ineffective for failing to object to the assessment of 15 points under offense variable 10.[2] This objection is denied.

## 2. Leader

Petitioner next objects to the Magistrate Judge's conclusion that the failure of defense counsel to object to the assessment of 10 points under offense variable 14 did not constitute ineffective assistance.[3] Petitioner again asserts that the Magistrate Judge's use of the word "robbery"

---

[2]Petitioner again asserts that to properly resolve these claims, an evidentiary hearing must be held. As discussed above, however, such a request is now moot (*see* Dkt 22).

[3]This objection similarly asserts the purported need for an evidentiary hearing. Again, such request is now moot in light of the recent denial of the motion for evidentiary hearing (Dkt 22).

5

is inaccurate and prejudicial (Dkt 20 at 4-5). This objection lacks merit. The term "robbery" has been used in specific reference to the actions of Petitioner in the proceedings throughout the lower court record. Further, the ample citations to the record by the Magistrate Judge fully support the conclusion that the ten-point assessment for Petitioner's role was appropriate (R & R at 20-21). Because this objection demonstrates no error in the Magistrate Judge's conclusion, it is denied.

### 3. Intent

Finally, Petitioner objects to the Magistrate Judge's determination that his counsel was not ineffective for failing to advise Petitioner of his ability to assert a defense of lack of intent (Dkt 20 at 5). This objection lacks merit. As the Magistrate Judge aptly notes, Petitioner did not execute his affidavit asserting his lack of intent until long after his guilty plea and sentencing (Dkt 19 at 23). Furthermore, this defense was asserted in a self-serving affidavit expressing Petitioner's lack of intent to commit an armed robbery (*id.*). The conclusion that Petitioner was fully aware of his co-defendants' intentions is supported by the affidavit of defense counsel and Petitioner's own sworn testimony at his plea hearing (Dkt 2-1 at Page ID#135; 8/14/08 Plea Hrg. Tr. at 18-21). Petitioner's "self-serving affidavit carries little weight, especially in light of the copious evidence in the record to contradict it." *Hoffner v. Bradshaw*, 622 F.3d 487, 500 (6th Cir. 2010). As such, Petitioner's objection demonstrates no error in the Magistrate Judge's conclusion and must be denied.

## II. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues

individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

This Court agrees with the Magistrate Judge's recommendation that a certificate of appealability be denied. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of any of Petitioner's individual claims debatable or wrong. A certificate of appealability is therefore denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 20) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 19) is APPROVED and ADOPTED as the Opinion of the Court, except as stated herein.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: September 30, 2013         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge